You may be seated. The court will call the next case. 3-13-07-33 People of the State of Illinois, Appali by Don Duffy v. Neumeier, Dion, Anderson, Halland by Brian Kovach Mr. Kovach, you may proceed. Brian Kovach, Assistant Appellate Defender May it please the court? Good afternoon, Your Honors. My name is Brian Kovach, Assistant Appellate Defender with the Office of the State Appellate Defender, and I represent Mr. Neumeier Anderson, the defendant in this criminal matter. Following a bench trial, Mr. Anderson was found guilty of financial institution robbery and sentenced to 14 and a half years in prison. On appeal before this court, he raises three issues. Today I would like to focus on the first issue, whether he was denied the reappointment of counsel. If this court has any questions regarding the remaining two issues, which are both credit issues, I'll be happy to do my best to answer those. At a preliminary hearing, Mr. Anderson was found to be indigent, and counsel was appointed to represent him. Mr. Anderson had disagreements with counsel and requested a different attorney. The circuit court denied that request. Mr. Anderson later filed a pro se motion to suppress his identification, and when counsel would not support his motion, he opted to proceed pro se. The court subsequently denied the motion. Mr. Anderson filed two more motions, both of those were denied. At this point, a month and a half prior to his trial, Mr. Anderson realized he didn't know what he was doing. He asked that the court reappoint counsel to represent him, and even though he had only asked once, the court said, how many times are we going to do this? The court denied the request, stating, I move as rapidly as I can, this train has left the station, let's go. Then on the date of trial, which was a month and a half after his initial request, he again requested the reappointment of counsel, and the circuit court again denied the request. Mr. Anderson stated, specifically, I don't know what I'm doing, I cannot represent myself at a bench trial. The court said, no detours. Not surprisingly, Mr. Anderson did not know what he was doing, and the trial was a one-sided affair. This was noted by the circuit court judge when he stated, I can't even figure out what your defense is. Mr. Anderson realized he was in over his head. He timely requested that counsel be reappointed to represent him, and the circuit court denied his request. Mr. Anderson maintains that the circuit court used its discretion in denying his timely request for the reappointment of counsel. Now the state argues that Mr. Anderson was trying to game the system because he requested a reappointment of counsel on the eve of trial. But the record shows that he requested the appointment of counsel five to six weeks prior to his scheduled bench trial. Therefore, this court should reject the state's contention. He acknowledges, as he did in his briefs, that he did not file a motion for a new trial. However, this court should reach this issue. He contemporaneously requested the reappointment of counsel so the issue is properly before the circuit court. The circuit court denied his request, denied the appointment of counsel, and the attorney would be the one, presumably, who would know that in order to preserve this issue, he has to file a motion for a new trial. So it's due to the circuit court's error that he did not properly preserve this issue. Therefore, this court should reach the issue. As an alternative, he argues that this court should reach it under the second prong of plain error analysis because he was denied the right to counsel at his trial and at his sentencing proceeding. Furthermore, the court denied Mr. Anderson's request and the record... This would have to be a plain error analysis, wouldn't it? Yes, Your Honor. I think ultimately it would come down to a... Because your first point, your argument that the alternative, find it plain error under structural plain error, either it's that or you don't get to argue with it. Well, I think that that's what it comes down to, Your Honor. He makes two alternative contentions. This court should reach the issue just out of simple fairness. He didn't properly preserve the issue because he didn't have an attorney. But, you know, I don't know how that would fly after Enoch, which was a long time ago. In the alternative, Your Honor, this court could find it a second prong of plain error analysis because he was denied his right to counsel at trial and at his sentencing, the two central, pivotal proceedings in a criminal case. In the alternative as well, under the second prong of plain error analysis, this court could either find it plain error because he was denied a fair trial or because the circuit court's error placed the integrity of the judicial process in question. Here it becomes apparent from a reading of the record that the circuit court was more concerned with the efficiency and the administration of its docket rather than the administration of justice. So for all these reasons, Mr. Anderson requests that this court review this under the second prong of plain error analysis. If it chooses to go that direction and reverse his conviction or remand this case for a new trial. Any other questions? A quick question on fines and fees. You know how I love those issues. The $5 per day credit in your brief is written as though it's automatic. Does the record show that the defendant requested the $5 per day credit in the trial court? He did not request the $5 per day credit. So then really technically, and just as a point of information, I think under capital Eero that appellate counsel has to request that $5 credit for the first time on appeal. And our Supreme Court capital Eero says it should be allowed even if it's requested for the first time on appeal. I believe so, Your Honor. Yeah. But I don't see that you're saying he's requesting it. I do believe that that was part of the argument. Maybe I'm misreading it. Okay. What Mr. Anderson is requesting is that this court remand it to Peoria County so the circuit court can impose the appropriate fines and fees and give him the $5 per day credit. I'm just looking at page 20, and here I am nitpicking you unfairly. Furthermore, defendants should have been given a $5 per day credit towards his fines, a credit that is not reflected in the trial court sentencing order or summary. Actually, if he didn't request it, the court didn't have to give it. Well, he didn't request it at the circuit court level. But you're requesting it now, so I agree. I agree. Okay. With some caution. It's not automatic, and I thought that your analysis assumed that it was. Well, what I believe should happen in cases such as this, and a lot of these cases are coming out of the same county, is that it should be remanded. It should all be done at one time. It should all be, you know, the circuit court, because the court's imposing fines, the circuit court's just imposing fees, and it should be remanded. I agree. I agree. So it should all, in the interest of judicial economy, it should all be done at one time. Okay. Thank you. Okay. Other questions? Thank you, Your Honors. Thank you, Mr. Collard. Ms. Duffy. Good afternoon, Your Honors. Good afternoon. Counsel, after reading the defendant's reply brief, I think he has attempted to change this issue somewhat. There are three cases he cites in his reply brief, Black, Stoops, and Vernon, which all have to do with whether or not a trial judge properly admonished a defendant regarding his waiver of counsel. That issue is nonexistent in this case. The record is clear that the trial judge admonished the defendant regarding his right to proceed pro se and his right to have counsel, and he explained to him the reasons why he might not want to proceed pro se. The defendant acknowledged his understanding of the admonishments, and the trial judge, on the record, expressed a reluctance to allow him to proceed without counsel. The defendant had filed a pro se motion to suppress. Counsel filed a motion to suppress. They argued about how to proceed. The defendant didn't want his attorney any longer. He wanted to go by himself because he knew better. After the trial judge then allowed him to proceed pro se, he advised him, you know, I'm probably going to be disinclined to change this if you want to represent yourself, I'll let you represent yourself. But that's the way it's going to be. They proceeded the defendant filed some motions. They had a case set for jury trial. And then he waived his jury trial in June. He had represented himself on his motion to suppress in April. Bench trial then was set for July 24th. And in the interim, they had a hearing. The defendant represented himself there. He filed another motion, motion for evidence deposition. He told the trial judge there was some video evidence that he hadn't seen he wanted to see. The judge allowed him to see that and some surveillance tapes. And throughout all of this, the defendant is proceeding pro se, not a peep. Until on the day it's set for bench trial, the defendant asked for a continuance so he could review some case law, keeping in mind, of course, that the court was advised that the reason the defendant was being denied additional access to the county law library is because he was tearing pages out of a book. The trial judge denied his motion for continuance, and that's when the defendant decided he was not able to represent himself in order to get the case continued, clearly in order to get the case continued. But hadn't he asked in June when they came in? It was set for jury originally or something, and they came in. Didn't he ask for an attorney then? And the judge said, no, I'm not letting you revoke this. And at that point, I guess he said that he all along conducted himself and never said anything until the 24th of July. But he had asked back in June if he would have one, and the judge said no. So I guess he has no recourse but to proceed. Well, the defendant advised the trial judge at one time that he was not prepared to go to trial, but said he'd be ready after viewing an evidentiary video. He then advised the trial judge that he'd viewed the video and he'd be filing a motion pertaining to that video. And they set a pretrial for June 5th and a jury trial for June 17th. At the pretrial, the defendant waived a jury trial and elected a bench trial, and he argued his pending motion. The bench trial was set for July 24th, and the judge then reviewed all the proceedings that had taken place between May 11th and July 17th. He considered and denied the defendant's motion and arranged for the defendant to review some surveillance tapes. You know, here it was the case was set for a trial on June 17th. On June 6th, he waives the jury trial, right? Right. On that same day, he heard and denied the pro se motion to Quash, right? Yes. And then on the same day, that's when the defendant realized that he's not getting very far pro se, and he didn't think he could go to trial pro se and requested that he get the counsel appointed. And, of course, you know, so he's invoking his right to counsel. And then after he waived it before, and there's no question about there was a waiver, you know, and properly in mind before. But now this is on June 6th with the trial reset for July 24th, right? The trial was reset for July 24th, so he's doing it on June 6th. And although this was the only time he really asked for the reappointment, the trial judge said, how many times are we going to do this? And said, I move as rapidly as I can, and you file motions that are unsupportable by law. And so it's like the trial judge is acknowledging the incompetence of the guy, which he sort of informed him of when he took the valid waiver. That's correct. And then you would say, let's click this back and go back to the beginning and start all over again. Well, he's not going back to the beginning. He's already denied motions. And he said, and this is the judge again, I want a lawyer. This train has left the station. Let's go. Now, what court date do you want to have the trial? But he had already set a court date, you know, have the trial and the trial date was reset for July 24th. But all that was happening on the same day. And then on July 16th, the defendant filed a motion for an evidence deposition. And on July 17th, the court denied that request. And then the defendant proceeded to bench trial on July 24th, the date that was set on the 6th. Well, so on the 6th, he asked for the reappointment of a lawyer saying he was incompetent. And that's many weeks before the trial. Well, he made that request. And then considering that the defendant is asking to revoke his waiver of counsel, the trial judge then reviewed all the proceedings that had taken place between May 11th and July 17th of 2013 when the defendant had asked for counsel again. And he denied that. His view of the proceedings that had taken place was that the defendant was gaming the system. Now, how do you game the system when you've got from June 6th to July 24th? Here's a judge who's already said that the guy has been filing motions that are unsupportable in law. So the judge is saying that everything you've done now, pro se, is unsupportable in law. And you've got on June 6th his request to have the appointment again of a lawyer. And the trial's not taking place until July 24th, which it took place on. The case proceeded to bench trial on July 24th and the 26th. And the defendant requested a continued review of case law with a bench trial. It never stops with you. Enough is enough, so I'm here to conduct a courtroom. I'm not going to answer your dreams because apparently you're dreaming that some more walks through some law books were on earth, something that will pop out, that kind of stuff. Well, and the defendant says, I don't know what I'm doing. I cannot represent myself at the bench trial. The court again denied the request for an attorney. But that was the day of trial. Now, the day of trial, there's plenty of law saying you're trying to game the system. That's correct. A couple days before trial, there's plenty of law saying you're trying to game the system. Are you trying to game the system when it's June 6th and the trial's on July 24th? Well, about the same way you may be trying to game the system when you're asking for access, you know, a continuance because I need to do some research, and the reason you can't do research is because you're tearing the law books apart. What about his request to get a copy of the note that was handed to the teller? Do you think that was a frivolous request? I don't think that was frivolous. Because the court denied his request, said no detours. It appears from this record, and I agree with you, that when you're gaming the system, you don't get continuances. But it appears from this record that Judge Lyons was simply irritated that the defendant hadn't taken his advice to benefit from appointed counsel from day one. The comments of Judge Lyons actually kind of hamper your ability to argue the case. Well, they do. And were they appropriate? No. But, you know, the question again is whether or not he abused his discretion in looking at everything before him and deciding that he would not allow the defendant to revoke his waiver of counsel. And in order for this defendant to show that he's entitled to a new trial, he's going to have to establish a structural error under Thompson, and this doesn't fit under Thompson. See, that's a question I'm asking myself, because the right to counsel is an important right. And if a person is indigent, they have a right to appointed counsel. That's right. And you can waive that right and be as incompetent as you want, but if there comes a time where you can ask for it again, and it's not the day before trial, it's not, I think, a week before trial, but when you ask for it again and there's a time period there, and then you look at the factors of whether or not counsel should be appointed, and given the statements of the trial judge that everything you filed was unsupportable to my law, you look at the enumerated factors that people consider whether counsel should be appointed, it all seems to say counsel should have been appointed. And the right to counsel is pretty structural. So is the right to refuse counsel. And the right to go pro se. That's correct. Yes, they are. And I don't doubt that under certain circumstances, denial of either one of those could be structural there. Because I'm wondering if once, you know, like when the judge says we're not going to, you know, like he makes some comment when he, you know, like we're not going to go back. You can't make that judgment when the person waived it. You can't say, you know, if you ever try to ask for it again, I'm never going to do it. You can't do that for the trial judge. No, you can't. You have to look at what the circumstances are when and if it's requested. And, you know, this time period and then the other factors that the trial judge is saying about, you know, everything you've done is unsupportable and the court is sort of irritation. Those are, you know, when you start looking at these cases, it becomes problematic. Well, it does become problematic except for the fact that I do believe that it's clear that there was some gamesmanship on the defendant's behalf. On the other side of the fence, the judge being frustrated, I don't think there's any trial court judge out there that wants a defendant to proceed pro se. It just presents all kinds of difficulties. This trial judge attempted to tell him numerous times you really don't want to do this. You really don't. But if you persist in it, I have to let you do it. I let you do it. And for all of his frustration and the things that he said, they all amount to the same statement. That is, I told you so. See, that's it. I told you so. That's not the legal standard. Right. My question is, I guess, how does I told you so equate with you are trying to game the system? This is a man, case law says look for a clean break in the proceedings. It is prior to trial. It's not the middle of the trial. And he says, I don't know what I'm doing. I cannot represent myself at a bench trial. Now, clearly, the judge could have said, you know what, you're right, and I told you that back in April. But does that then say, and because I told you and I know more than you, is that the basis to say you aren't getting, I'm not allowing you to have counsel, and then to say, and it shows he was trying to game the system. I mean, I think he perhaps thought he could do a pretty good job. And then he sees early on in the proceedings. Well, in the first instance, he asked for a continuance. And then when he was denied a continuance, then he asked for counsel. Then I can't do this. I'm not qualified to do this. Counsel has two minutes. No, actually, on June 6th, he wasn't asking for a continuance. On June 6th, he says the court denies motion to suppress and then continues the matter so the defendant can file additional motions. It's set the case for trial on June 17th. When the defendant waived the jury trial on June 6th, in other words, he waived the jury trial, the trial was reset to July 24th. On the same date, the court heard and denied his pro se motion to request the indictment. The finding was baseless, you know, as we went through before. And then that's when he said, you know, he did not think he could go to the trial pro se and request a counsel. This is on June 6th. And this was the only time the defendant had asked for reappointment, you know. Although this was, how many times are you going to do this, the trial judge said. And then it was later, like when you say he was asking for continuance, on July 16th, that's when he filed a motion for the evidence deposition. And, you know, and that's when the judge on July 17th said there are no detours. And then the cause proceeded to a bench trial on July. And that's when the defendant requested a continuance to review the case. Well, that was, you know, on July 24th. That's when he asked for a continuance. But it was June 6th when he is in sort of a critical time and he's asking for a lawyer. And, you know, here's a trial judge who's agreeing with the guy that he's not able to proceed because he said everything you've done has been unsupportable by law. Everything. Well, my notes show that on June 5th, that is the day where the defendant waived jury and elected a bench trial. And he argued his pending motion. My notes do not reflect that he brought up the issue of counsel again until he asked for the continuance and it was denied. And, you know what, I could be wrong, but those are the notes I took from the record. Well, you look at Record 127 as a citation where he requested. Wasn't that on June 6th? Am I wrong on that? I've got the case was set for trial on June 17th, and when the defendant waived the jury trial on June 6th, the trial was reset for a bench trial until July 24th. That's in the record 118-126 and 128-29. And then the defendant said he didn't think he'd go to trial pro se and he requested an attorney. That was in 127. That's the same, you know, line of the record. And then that's when the judge says on 127, how many times are you going to do this? You know, so that's all that same time sequence that appears on the record. Now, later on, when he was proceeding to bench trial, that's when you get to the Record 152, 153, when the court's saying it never stops with you, enough is enough, 154, you know, like that's the subsequent time period. And that's when the defendant is saying at 156, I don't know what I'm doing. I cannot represent myself. He wasn't prepared. He cannot represent himself. And, you know, it was like a 152 where he asked for the continuance. You know, that's at that subsequent hearing. At the earlier hearing is when he requested it when it was early June, trials at the end of July. You know, now, if the request was for, I'd feel very differently under the case law if we're just talking for the first time this guy was doing this, you know, on July 24th. I mean, we're in a different position. And there are cases talking about really gaining the system. You know, you wait to the day of trial, the day before trial, something like that. You know, and that's very frustrating when you're a trial judge. You know, I was a trial judge over 27 years. You know, you don't put up with some of that stuff. And then it begs the question. Did the defendant want to represent himself so he could file and argue his own motions and then having lost to them, all right, I guess I'm not going to get anywhere with that. Is it time to, you know, retract my waiver of counsel now? If I can't do that, then I'm going to a bench trial. Then I'm asking for a continuance. Deny that. And that's why I say it goes to the fundamental question because it really goes to, is it the case that once you waive counsel you can never request it again? Is that the case? No. No, no, it's not ever. It's not. But it's not an equivocal right either. No, and that's why it's based on the facts and circumstances. That's right. And on one hand you don't let people abuse the process, game the system. On the other hand, you want to preserve a person's constitutional right to either have representation or to represent himself. Right. And just one short thing. Even assuming that this judge handled it incorrectly and perhaps abused his discretion in not allowing that, that's one standard. The standard the defendant has to meet is whether or not this is structural error. And Thompson does not cover the exact situation here where a defendant is attempting to revoke his waiver of counsel. Isn't it Thompson talks about the right to counsel, though, doesn't he? It does. And if this defendant hadn't been admonished and hadn't pushed for self-representation, I would have to agree. I mean, we're both smiling because Thompson, one of the few enumerated aspects that Thompson does talk about is right to counsel. That's correct. And how we're going to define that. Yeah. I understand. Thank you, Your Honors. Thank you, Mr. Cullet for rebuttal. Thank you. Your Honors are precisely correct. He requested the reappointment of counsel on June the 6th. The circuit court found that he was incapable of appropriately representing himself. Mr. Anderson acknowledged that he was incapable of appropriately representing himself. He requested the appointment of counsel. The record bears this out, and that's on the report of proceedings, pages 122 to 128. And as far as structural error, this is the denial of the right to counsel. He timely requested counsel. I think that it becomes a little bit more dicey if it's not timely, closer to trial, as Justice Carter was pointing out. But here, this is a timely request five to six weeks before trial, and it falls within one of the prongs of structural error identified by Thompson, which is the denial of the right to counsel, particularly in this case, at his trial and at his sentencing proceeding, the two most critical stages of any criminal process. Any further questions, Your Honor? Thank you, Mr. Cullet. Thank you both for your arguments here today. This matter will be taken under advisement, and a written decision will be issued to you as soon as possible. And right now, we stand at brief recess for panel change.